IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

Plaintiff,

vs.                                    Case No. 16-10043-01, -02-JTM

COBEN A. MCRAE AND PRESTON E. ONWU,

Defendants.

MEMORANDUM AND ORDER

The Indictment charges defendants Coben McRae and Preston Onwu with numerous counts of mail fraud, wire fraud, possession of counterfeit access devices, and aggravated identity theft. McRae and Onwu have submitted a number of motions addressing various aspects of the case which present questions of law addressed by the present Order. Two additional motions (Dkt. 33 and 37), which seek to suppress evidence obtained during the arrest of the defendants on September 25, 2015, raise factual issues which the court will resolve following an evidentiary hearing.

***Double Jeopardy Motions***

The State of Kansas charged Onwu with various criminal charges on September 29, 2015. Pursuant to a plea agreement, Onwu pled no contest to criminal charges brought by

the State of Kansas in 15-CR-2795. While that matter was awaiting sentencing, the federal grand jury issued the 35-count Indictment which commenced the present action.

Defendant Onwu, stressing the existence of the earlier state charges has moved to dismiss the Indictment (Dkt. 32, 34) because it "is based on the same circumstances as the State charges." He argues that the present prosecution violates his right to due process and protection against double jeopardy, as well as Kansas statutes. He further alleges that the present federal prosecution violates his rights under the Department of Justice's "Petite Policy," which limits the occasions in which a successive federal prosecution may be commenced following a prosecution by a state. In addition, by separate motion (Dkt. 36), Onwu seeks discovery which would certify that the present prosecution has been approved under the Petite Policy by an Assistant Attorney General. Defendant McRae has joined in these motions. (Dkt. 40).

The court will deny the motions to dismiss. Successive prosecution by the federal government following a state prosecution does not violate the double jeopardy clause. *See Abbate v. United States*, 359 U.S. 187 (1959). While the United States has adopted the Petite Policy to provide guidance as to when it may undertake such a successive challenge, the Tenth Circuit has explicitly held that "the Petite policy does not confer an enforceable right on the defendant in the absence of government request for dismissal." *United States v. Valenzuela*, 584 F.2d 374 (1978) (citing *United States v. Thompson*, 579 F.2d 1184 (10th Cir. 1978).

And, because it creates no substantive right, there is no right to discovery on the issue. *See United States v. Mitchell*, 778 F.2d 1271, 1276 (7th Cir. 1985) ("To the extent that defendant's motion to compel discovery relates to a claim that the prosecution should be invalidated solely because the government did not meet its 'Petite Policy,' the claim lacks any legal basis"); *United States v. Sellers*, 603 F.2d 53, 57 (8th Cir. 1979) (defendant's Petite Policy argument and request "for additional discovery on this issue were properly denied by the district court"). As one court has observed, "[t]o hold the policy legally enforceable would be to invite the Attorney General to scrap it, which would hardly be in the public interest." *United States v. Ng*, 699 F.2d 63, 71 (2d Cir. 1983).

### Motions to Exclude Recordings

After the September 25 arrest, the State court set the defendants' bonds. Onwu was then held was held in state custody until September 30, when the bond was reduced to $25,000 at his first appearance. McRae was unable to post bond and remained in custody until February 11, 2016, when he pled no contest.

Onwu has moved (Dkt. 41) to exclude the recordings of any telephone calls made by either himself or McRae while in state custody. In addition, the defendant seeks dismissal of the case for violating his due process rights. McRae has joined in Onwu's motion, but presents no additional argument or facts. (Dkt. 42).

Onwu argues the state detention was illegal, because he was held longer than 48 hours without a first appearance. He stresses that he was held for six days without a probable cause hearing, and further contends that the initial amount of his bond was

unconstitutionally high. He further notes that the Kansas statute governing first appearances does not have an exclusion for weekends for adults, although it does for juveniles. *State v. Robinson*, 261 Kan. 865; 934 P.2d 38 (1997).

The court will deny the motions. Even if the defendants were temporarily held in violation of state law, this does not support suppression of the jailhouse recordings. Federal law determines whether evidence offered in federal criminal prosecutions should be suppressed.  "It is, however, well established in this circuit that in federal prosecutions the test of reasonableness in relation to the Fourth Amendment protected rights must be determined by Federal law even though the police actions are those of state police officers." *United States v. Le*, 173 F.3d 1258, 1265-66 (10th Cir. 1999) (citations omitted). As a result, "[t]he fact that the arrest, search, or seizure may have violated state law is irrelevant as long as the standards developed under the Federal Constitution were not offended." *Id.*

Neither defendant has pointed to any authority supporting suppression of evidence of jailhouse telephone intercepts based upon the alleged violation of state laws governing pretrial release. And neither defendant supplies either evidence or argument supporting the conclusory request for the additional sanction of dismissal of the charges.

With respect to federal law, the Tenth Circuit has repeatedly upheld evidence obtained from intercepted jailhouse telephone conversations. This is because "no prisoner should reasonably expect privacy in his outbound telephone calls. Although prisoners do not forfeit all their privacy rights at the jailhouse steps, they do have those rights severely curtailed." *United States v. Gangi*, 57 F. App'x 809, 815 (10th Cir. 2003) (internal quotation

4

and citations omitted).

### Motions for Separate Trial

Defendant Onwu has moved (Dkt. 35) for a separate trial pursuant to Fed.R.Cr.Pr. 14. Onwu argues he will be prejudiced by the admission of his co-defendant's recorded telephone calls from the Sedgwick County Jail.

The court will conduct one trial of the charges in the Indictment. Given the allegations in the Indictment, the defendants were properly joined under Fed.R.Cr.Pr. 8(b), which permits joint trial if the defendants "are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses."

Severance is required if one defendant suffers prejudice, meaning "a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

But severance is not compelled merely by the fact that a defendant would be advantaged by a separate trial. "Neither a mere allegation that defendant would have a better chance of acquittal in a separate trial, nor a complaint of the 'spillover effect' from the evidence that was overwhelming or more damaging against the co-defendant than that against the moving party is sufficient to warrant severance." *United States v. Bailey*, 952 F.2d at 365 (10th Cir. 1991).

"In determining the merits of a motion for severance, the court must weigh the prejudice to a particular defendant caused by the joinder against the important considerations of economy and expedition in judicial interests." *United States v. Mabry*, 809 F.2d 671, 681 (10th Cir. 1987), *overruled on other gds., Mathews v. United States*, 485 U.S. 58 (1988). The decision whether to grant or deny severance is within the sound discretion of the court. *United States v. Hollis*, 971 F.2d 1441, 1456 (10th Cir. 1992).

In *Zafiro*, the Supreme Court recognized the "preference in the federal system for joint trials of defendants who are indicted together." 506 U.S. at 539.

> Joint trials "play a vital role in the criminal justice system." *Richardson v. Marsh*, 481 U.S. 200, 209, 107 S.Ct. 1702, 1708, 95 L.Ed.2d 176 (1987). They promote efficiency and "serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.*, at 210, 107 S.Ct., at 1708. For these reasons, we repeatedly have approved of joint trials. *See ibid.*; *Opper v. United States*, 348 U.S. 84, 95, 75 S.Ct. 158, 165, 99 L.Ed. 101 (1954); *United States v. Marchant*, 12 Wheat. 480, 6 L.Ed. 700 (1827); *cf.* 1 C. Wright, Federal Practice and Procedure § 223 (2d ed. 1982) (citing lower court opinions to the same effect).

Id. at 537-38.

The preference is reflected as well in decisions by the Tenth Circuit. *See United States v. Peveto*, 881 F.2d 844, 857, n. 16 (10th Cir. 1989) ("[c]ourts generally adhere to the principle that 'those indicted together, especially co-conspirators, should be tried together,'" (quoting 8 J. Moore, W. Taggert & J. Wicker, Moore's Federal Practice ¶ 14.05, p. 14-82 [2 ed. 1989] )); *United States v. Jenkins*, 904 F.2d 549, 556-557 (10th Cir. 1990) (persons jointly indicted should be tried together).

"Inasmuch as severance is a matter of discretion and not of right, the defendant

must bear a heavy burden of showing real prejudice to his case." *United States v. McConnell*, 749 F.2d 1441, 1444 (10th Cir.1984). As the Supreme Court stated in *Zafiro*, "when defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 *only* if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." 506 U.S. at 539 (emphasis added).

As this court recently concluded in *United States v. Beasley*, No. 13-10112-JTM,2016 WL 502023, (D. Kan. Feb. 6, 2016), another case in which defendants sought separate trials in part based upon the existence of the prejudicial effect of recorded telephone calls of co-defendants, severance was not justified where the risk of prejudice could be minimized by appropriate limiting instruction. A defendant is not entitled to severance simply because some evidence implicates only a co-defendant. *See id* at *18 (citing *United States v. Morgan*, 748 F.3d 1024, 1043 (10th Cir. 2014). In *Morgan*, the Tenth Circuit upheld joint trial, "[a]lthough some elements of the Government's case implicated only the other defendants," because the defendant "had the opportunity to point this out to the jury through cross-examination and again during closing argument." 748 F.3d at 1043. In addition, the district court had instructed the jury "to examine the evidence for each individual defendant, and juries are presumed to follow instructions." *Id.* (citing *Weeks v. Angelone*, 528 U.S. 225, 234 (2000)).

IT IS ACCORDINGLY ORDERED this 13th day of December, 2016, that the defendant Onwu's Motions to Dismiss (Dkt. 32, 34), for Discovery (Dkt. 36) for Separate Trial (Dkt. 35), and Suppress Recordings or to Dismiss (Dkt. 41) are denied; defendant McRae's Motions for Joinder (Dkt. 40, 42) are granted as to the joinder, and denied as to the substantive relief sought.

  s/ J. Thomas Marten  
J. THOMAS MARTEN, JUDGE
